Case 4:20-cv-01923   Document 49   Filed on 09/21/20 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KHC LLC d/b/a POST OAK POKER CLUB and DANIEL J. KEBORT and WILLIAM HEUER III, *et al*, | § § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1923 |
| KIM OGG and TIM WILSON SR and AMIR MIRESKANDARI, *et al*, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

Before the Court is the defendants', Harris County, Texas and the District Attorney for Harris County, Kim Ogg (DA Ogg), motion to dismiss (Dkt. No. 30), plaintiffs', KHC LLC d/b/a Post Oak Poker Club, Daniel Kebort, Sergio Cabrera, Alan Chodrow and William Heuer, III (the "plaintiffs") response (Dkt. No. 33) and the defendants' reply (Dkt. No. 38). After carefully reviewing the record in this matter, the Court concludes that the motion should be GRANTED.

**II.    FACTUAL BACKGROUND AND CONTENTIONS**

The plaintiffs assert that in June 2017, they formed an entity named the Post Oak Poker Club. The facts as set out in a separate Memorandum Opinion and Order are a sufficient statement with exceptions concerning DA Ogg. *See* [DE 43]. Concerning Harris County and DA Ogg, the plaintiffs assert causes of action for violations of due process; supervisory liability both in DA Ogg's official and individual capacities; violations of Fourth Amendment rights concerning search, seizure, arrest and detention in her official and individual capacities;

malicious prosecution in her official and individual capacities; and, tortious interference with existing contract and prospective business relations.

   A. *The Plaintiffs' Contentions*

The plaintiffs assert that Amir Mireskandari, who was employed by DA Ogg was named as a contact person by Wilson who had been employed by the plaintiffs to assist them in securing a license for their Poker Club from Harris County. Wilson made representations to the plaintiffs concerning the costs associated with obtaining the license. According to the plaintiffs, Mireskandari was to work with the plaintiffs by reviewing the licensing structure and incorporate some language on their behalf that would meet with approval from Harris County and DA Ogg. The plaintiffs never received a license for either its Post Oak or Prime Social locations, admitting that no such license exist in spite of Mireskandari's representation to the contrary.

The Houston Police Department raided the plaintiffs' Club on May 1, 2019. Out of this raid criminal charges were brought against the plaintiffs for financial crimes and money laundering in violation of Tex. Penal Code § 47.02(b)(1)-(3).

The plaintiffs allege, without objective facts, that "evidence thus shows a link between the plaintiffs' refusal to pay exorbitant fees to Mireskandari, Wilson and Davoudi for a fake license and [DA Ogg's] decision to pursue criminal charges against [the plaintiffs]." The plaintiffs also suggest a link between the plaintiffs' failure to contribute to DA Ogg and Mireskandari's choice of candidates and the criminal charges. The plaintiffs place weight in the fact that the criminal charges were dismissed as evidence of this scheme.

Concerning Harris County, the plaintiffs assert that Harris County has an official policy or custom of issuing criminal complaints without factual statements to support a finding of probable cause. This conduct, too, is attributed to DA Ogg. The plaintiffs go on to assert that

DA Ogg directed an assistant to file the charges because the plaintiffs refused to provide political contributions to DA Ogg, failed to adequately supervise Mireskandari; and engaged in various and sundry acts that are illegal knowing that the plaintiffs had not violated the law.

### B. *The Defendants' Response*

The defendants, Harris County and DA Ogg, assert that the plaintiffs have failed to state a claim against Harris County and/or DA Ogg in an individual or supervisory capacity. The defendants further assert that even if any such claim has been alleged, it is defeated by qualified immunity. Moreover, the defendants assert a suit against DA Ogg in her official capacity is actually a suit against Harris County and the teaching of *Monell* apply. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Finally, the defendants assert that there is no "free standing" right to be free from malicious prosecution or a basis to recover exemplary damages. Therefore, the defendants seek dismissal of the plaintiff suit pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6).

### III.   LEGAL STANDARD

Rule 12(b)(6) of the Rules of Federal Civil Procedure, requires that a plaintiff plead facts sufficient to state a cause of action in order to avoid a motion to dismiss. *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007). A party may move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 -65 (citing *Papasan v.*

*Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).  The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### IV.  ANALYSIS AND DISCUSSION

The plaintiffs' suit against DA Ogg and Harris County must be dismissed.  The plaintiffs have not asserted that DA Ogg personally engaged in any act that violated the plaintiffs federal Constitutional rights.  A claim against DA Ogg requires a party to identify the specific act(s) that the public official engaged in that violated his civil rights.  *See Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005).  There is no allegation of personal involvement on the part of DA Ogg asserted.  Federal Rules of Civil Procedure, Rule 8 requires factual allegations that are sufficient to state a claim.  None is asserted here.  Therefore, claims for personal liability against Harris County and DA Ogg fail.  *Twombly*, 550 U.S. at 555.

For similar reasons, the plaintiffs' claims for failure to supervise against Harris County and DA Ogg fail.  *Monell* teaches that a "supervisor may be held liable [in her official capacity] if there exists either (a) personal involvement in a constitutional deprivation; or, (b) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Monell v. New York City Dep't of Social Servs*, 436 U.S. 658 (1978); *See also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cor. 1987) (Citation omitted).

The plaintiffs' pleadings fail to set out facts asserting or establishing that DA Ogg had personal involvement in the events leading to the plaintiffs' arrest.  The fact that Mireskandari and ADA Burton were employed by Harris County and supervised in some manner by DA Ogg, does not support the conclusion that she had personal involvement in either the efforts of the

plaintiffs to secure a license or the preparation and filing of a criminal complaint against the plaintiff. Moreover, the plaintiffs have not plead facts showing that any "inadequate supervision," if such was the case, resulted in a constitutional violation. *See Brown v. Callahan*, 623 F.3d 249, 254 (5th Cir. 2010).

The pleadings also fail to establish that DA Ogg is not entitled to official immunity under *Thompson*. *See Thompson v. Upshur County, Texas*, 245 F. 3D 447, 456-57 (5th Cir. 2001). The pleadings fail to establish a constitutional violation on the part of DA Ogg or Harris County.

Equally fatal to the plaintiffs' claims is the fact that the complaint was dismissed when DA Ogg's office determined that a potential conflict exited. The fact that DA Ogg's office was conflicted out did not go to the merits of the complaint. Nor did dismissal absolve the plaintiff of any criminal conduct. To not pass the criminal complaint on to the State of Texas or federal authorities may be considered reasonable on the part of DA Ogg in light of alleged involvement by one or more of her employees. In any event, qualified immunity defeats the plaintiffs' claims.

Moreover, there is no official policy or custom stated in the plaintiffs' pleadings that it might be said Harris County has adopted. Assuming that the complaint filed by Burton was defective, the plaintiffs have not stated how any Harris County policy was involved in promoting such defects either affirmatively or permissively.

Finally, there is no stand-alone cause of action for malicious prosecution that may be used as the basis for a civil right suit. *Castellano v. Fragozo,* 352 F.3d 939, 958 (5th Cir.2003). The Fifth Circuit explains that even when it appears that malice is in the heart of a prosecutor who files a criminal charge without probable cause, a malicious prosecution assertion alone does not set out a justiciable claim. *Id*.

Because the plaintiffs have failed to plead a cause of action that overcomes the strictures of FRCP 12(b)(6), the Court will not address the basis for any remedy sought by the plaintiffs. The defendants Harris County and DA Ogg's motion to dismiss is GRANTED.

It is so ORDERED.

SIGNED on this 21st day of September, 2020.

_____
Kenneth M. Hoyt
United States District Judge